DEPEW GILLEN RATHBUN & MCINTEER LC
8301 E. 21st Street North, Suite 450
Wichita, KS 67206-2936
Telephone: (316) 262-4000
Fax: (316) 265-3819

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOHN J. SIGG, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 23-2154-TC-ADM |
| | ) | |
| | ) | |
| SHERIFF BRYAN J. MURPHY, in his | ) | |
| official capacity as ALLEN COUNTY | ) | |
| SHERIFF; JOSEPH STOTLER; and | ) | |
| BOARD OF COUNTY COMMISSIONERS | ) | |
| OF ALLEN COUNTY, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**AMENDED COMPLAINT**

COMES NOW the plaintiff, John J. Sigg, and for his cause of action against

the defendants, Sheriff Bryan J. Murphy, in his official capacity as Allen County

Sheriff, Joseph Stotler and the Board of County Commissioners of Allen County,

alleges and states as follows:

1.     John J. Sigg is a resident of Allen County, Kansas and resides in Iola,

Kansas.

2       The claim against Sheriff Bryan J. Murphy is being brought against him in his official capacity as Sheriff of Allen County, Kansas.

3.      The defendant Joseph Stotler was formerly a deputy with the Allen County Sheriff's Office and at all times relevant to the matter was acting under color of state law.  Stotler may be served with process at his residence at 505 N. Birch in Moran, KS 66755.

4.      Allen County is a political subdivision of the state of Kansas. The County is governed by the Board of County Commissioners and can be served with process through Shannon Patterson, Allen County Clerk, 1 N. Washington Avenue #6, Iola, KS 66749.

5.      The Fourth Amendment to the United States Constitution forbids unreasonable seizures, including the use of excessive force in making an arrest. Accordingly, this action arises under the laws of the United States and presents a federal question within this Court's jurisdiction.  It is brought pursuant to 28 U.S.C. §§1331,1343 and 42 U.S.C. §1983, et seq.   This Court also has jurisdiction over the supplemental state law claims of the plaintiff pursuant to 28 U.S.C. §1367.

6.      The parties are residents of the state of Kansas.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

7.      John Sigg is 80 years old.  On April 16, 2021 at approximately 5:30 in the afternoon, Iola Police Department Lt. Andres clocked John doing 38 in a 35 and accordingly gave "chase."  Multiple patrol units engaged in the "chase" as Mr. Sigg drove slowly to his family's car lot, Sigg Motors.  At no point during the drive did Mr. Sigg understand that he was the subject of the pursuit.

8.      Sigg pulled into his car lot and exited his car.  He was immediately surrounded by numerous officers from the Iola Police Department, Allen County Sheriff's Office and the Chanute Police Department.  Two of the officers from the Chanute Police Department drew their service revolvers on Mr. Sigg. Sigg looked at them quizzically and raised his hands:



9.      As Sigg stood passively beside his car, the defendant Stotler ran up to him, taser drawn, and screamed: "Get on the fucking ground."

10.     As Sigg lowered his hands to get on the ground, the defendant discharged his taser into Sigg's body.  Defendant had given no warning that he was about to discharge his taser.  He was unaware that the manufacturer warned about using a taser on the elderly.

11.     The 2000 volts from the X2 dropped Sigg like a rock.  He fell to the ground and suffered a cut on his head.   He was jumped on by officers and placed in handcuffs.

12.     John Sigg was stunned after the attack and medical treatment was summoned to the scene.  Sigg mumbled and was hard to understand.  As officers talked with him on the scene he indicated that he did not know what was going on and did not feel right.  The officers concluded that medical treatment was a priority based upon how Sigg was speaking and acting.

13.     After the assault by defendant Stotler, Lt. Andres noted in his report that Sigg was not responding as he would have expected when he was asked questions and Andres was concerned about his mental prowess.

14.     At no time after exiting his vehicle did Sigg make a hostile motion or make physical or verbal threats.  There was no risk that the 80 year old man was going to run from the officers and they had no concern that Sigg had a firearm.

Other officers on the scene knew that Stotler had utilized excessive force and were concerned by his conduct.

15.     The Allen County Sheriff and the Board of County Commissioners have a duty to train and supervise deputies.  The assault on the plaintiff arose out of a traffic stop which is a usual and recurring situation.  It is the duty of the Sheriff and the Board to train the deputies how to handle these stops within constitutional limitations.  Training at the Allen County Sheriff's Office is left up to the KLETC.

16.     The Board of County Commissioners and Sheriff  failed in their duty to make certain that its law enforcement employees are properly trained and aware of their constitutional duties.

17.     As set forth above, the treatment of Mr. Sigg demonstrated a deliberate indifference on the part of the sheriff and the Board of County Commissioners as to individuals within the community with whom  his deputies come into contact.  The assault occurred because Stotler had not been properly trained and supervised and the outcome was highly predictable based upon the obvious potential for a constitutional violation.

18.     As a result of the defendant Stotler's battery and constitutional violation, the plaintiff sustained bodily injury and emotional pain and suffering. The plaintiff respectfully prays for a judgment for actual damages in the amount of $250,000 and a like amount in punitive damages.  The plaintiff also makes

demand for attorney fees.

WHEREFORE, plaintiff respectfully requests that this Court enter judgment against the defendants in the amount of $250,000 for actual damages, $250,000 in punitive damages, his costs and reasonable attorney fees plus any and other relief as the Court might deem just or equitable.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC

/s/Randall K. Rathbun
Randall K. Rathbun #09765
8301 E. 21st Street N., Suite 450
Wichita, KS 67206-2936
(316) 262-4000
Randy@depewgillen.com
*Attorneys for Plaintiff*

**DESIGNATION OF PLACE OF TRIAL**

COMES NOW the plaintiff and designates Kansas City, Kansas as the place of trial of this action.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC

/s/Randall K. Rathbun
Randall K. Rathbun #09765
*Attorneys for Plaintiff*

## REQUEST FOR JURY TRIAL

COMES NOW the plaintiff and respectfully requests a trial by jury with

regard to the above-captioned action.

Respectfully submitted,

/s/Randall K. Rathbun
Randall K. Rathbun #09765
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2022, the above and foregoing

**Amended Complaint**  was filed via CM/ECF and notice sent to:


William H. Townsley
Fleeson Gooing Coulson & Kitch LLC
301 N. Main Street, Suite 1900
Wichita, KS 67202
*Attorneys for Defendant*

/s/Randall K. Rathbun
Randall K. Rathbun #09765