IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN J. SIGG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:23-CV-02154-TC-ADM |
| | ) |
| SHERIFF BRYAN J. MURPHY, in his official capacity as ALLEN COUNTY SHERIFF; and JOSEPH STOTLER, | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANT MURPHY TO AMENDED COMPLAINT

In Answer to the Plaintiff's Amended Complaint, Defendant Bryan J. Murphy (Defendant) states:

1. All allegations not specifically admitted in this Answer are denied.

2. In response to paragraph 1, Defendant admits that Plaintiff is a resident of Allen County, Kansas, and resides in Iola, Kansas.

3. In response to paragraph 2, Defendant admits that he was the Sheriff of Allen county at all pertinent times and that Plaintiff asserts claims against him in his official capacity as Sheriff.

4. In response to paragraph 3, Defendant admits that Joseph Stotler is a former deputy with the Allen County Sheriff's Office.

5. Defendant admits the allegations in paragraph 4.

6. In response to paragraph 5, Defendant admits that this Court has subject matter jurisdiction over claims brought under 42 U.S.C. § 1983, and may exercise, or decline to exercise, supplemental jurisdiction over related state law claims.

7. In response to paragraph 6, Defendant admits that the parties are residents of the state of Kansas and admits venue is proper in this District. Defendant denies any allegation of unlawful employment practices.

8. In response to paragraph 7, Defendant lacks knowledge or information sufficient to admit or deny the age of Plaintiff and therefore denies the same. Defendant admits that on April 16, 2021, Lt. Andres of the Iola Police Department clocked Plaintiff driving 34 miles per hour in a 25 miles per hour zone and attempted to stop Plaintiff. Defendant also admits that more than one law enforcement unit attempted to stop Plaintiff who disregarded law enforcement and continued to commit traffic infractions. Defendant denies the remaining allegations, particularly the allegation that Plaintiff was unaware of the multi-vehicle pursuit.

9. In response to paragraph 8, Defendant admits that Plaintiff pulled into a car lot and exited his car. Defendant further admits that Plaintiff was surrounded by law enforcement officers who directed him to raise his hands.

10. In response to paragraphs 9-14, Defendant admits that defendant Stotler directed Plaintiff several times to get on the ground, that Plaintiff did not comply with those directions, that defendant Stotler discharged his taser when Plaintiff dropped his arms, that

Plaintiff fell to the ground, and that he was handcuffed by the officers. Plaintiff was provided with subsequent medical care. All other allegations in said paragraphs are denied.

11. In response to paragraph 15, Defendants admits that the Sheriff's Office provides training and supervision, including instruction for detaining felony fleeing and eluding offenders such as Plaintiff.

12. In response to paragraphs 16-18, Defendant denies the allegations asserted.

13. For further answer, Defendant asserts the defense of failure to state a claim upon which relief can be granted.

14. For further answer, Defendant asserts that Plaintiff's Amended Complaint fails to adequately apprise Defendant of the causes of action being pursued by Plaintiff.

15. For further answer, Defendant asserts that the officers acted with subjective and objective reasonableness under the circumstances then existing and their conduct was justified and privileged.

16. For further answer, Defendant claims entitlement to qualified immunity on any and all claims asserted by plaintiff.

17. For further answer, Defendant disputes the nature and extent of damages alleged and further states that Plaintiff is not entitled to recover punitive damages under any theory.

18. For further answer, Defendant states that Plaintiff's claims are not viable under the Fourth or Fourteenth Amendments of The United States Constitution and are barred, in whole or in part, by the Eleventh Amendment.

19. For further answer, Defendant states that, because he is being sued in his official capacity, the claims against him are redundant of the claims asserted against the Board of County Commissioners and should be dismissed on that basis.

20. For further answer, Defendant states that allegations in the Amended Complaint do not state a constitutional violation.

21. For further answer, Defendant states that he cannot be held vicariously liable for the unconstitutional conduct of any other individual, and that Plaintiff has failed to state a claim based on municipal or supervisory liability.

22. For further answer, Defendant states that he is immune from liability for any attempted state law tort claim under the provisions of the Kansas Tort Claim Act, including but not limited to discretionary function immunity.

23. For further answer, Defendant states that, to the extent Plaintiff is asserting a battery claim, that claim is barred by the applicable statute of limitations.

24. For further answer, Defendant states that any tort claims that Plaintiff may be attempting to assert are barred by reason of his failure to substantially comply with K.S.A. 12-105b(d).

25. For further answer, Defendant incorporates by reference any affirmative defenses asserted by any other defendant, to the extent those defenses apply to this Defendant, and further reserves the right to assert any and all additional defenses revealed in discovery.

Wherefore, Defendant prays that Plaintiff take nothing on his claims against Defendant, that judgment be entered in Defendant's favor, that Defendant recover his costs from Plaintiff, and for such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Defendants demand a trial by jury.

## TRIAL LOCATION DESIGNATION

Defendants respectfully request that the trial of this action be held in Wichita, Kansas.

Respectfully submitted,

/s/ *William L. Townsley, III*
William L. Townsley, III - KS #14275
FLEESON, GOOING, COULSON & KITCH, L.L.C.
1900 Epic Center, 301 N. Main
Wichita, Kansas 67202
Tel: (316) 267-7361
Fax: (316) 267-1754
Email: wtownsley@fleeson.com
*Attorneys for Defendant Bryan J. Murphy*

## CERTIFICATE OF SERVICE

I certify that on June 2, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ William L. Townsley, III
William L. Townsley, III
